| | | |
|---|---|---|
| HEALTHMATE INTERNATIONAL, LLC, | ) | |
| a Missouri limited liability company, and | ) | |
| ERISONIC INNOVATION TECHNOLOGY, LLC, | ) | |
| a Missouri limited liability company, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-840 |
| | ) | |
| HONG QIANGXING (SHENZHEN) | ) | |
| ELECTRONICS LIMITED, | ) | |
| a Chinese company d/b/a SUNMAS, and | ) | |
| SHENZHEN GENIUSCHIP ELECTRONIC | ) | |
| CO., LTD, a Chinese company d/b/a SUNMAS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Healthmate International, LLC ("Healthmate") and Erisonic

Innovation Technology, LLC ("Erisonic"), collectively Plaintiffs, and for their causes of action

allege as follows:

       1.     This is an action for copyright infringement in violation of the Copyright Act

17 U.S.C. § 101 *et seq.*, trademark infringement and unfair competition in violation of the Lanham

Act 15 U.S.C. § 1114 *et seq.*, patent infringement in violation of the Patent Act 35 U.S.C. § 1 *et*

*seq.*, and common law trademark infringement and unfair competition.

       2.     Plaintiffs seek preliminary and permanent injunctive relief; an accounting

and award of Defendants' profits; compensatory, treble, and/or statutory damages; an award of costs

and attorneys' fees; and such other and further relief as the Court deems just and proper.

## PARTIES, JURISDICTION AND VENUE

3.      Plaintiff Healthmate is a limited liability company organized and existing under the laws of the State of Missouri having a principal place of business at 709 East 97th Street, Kansas City, Missouri 64131.  Healthmate possesses all rights, title and interest in its copyrights, including the right to sue for infringement.

4.      Plaintiff Erisonic is a limited liability company organized and existing under the laws of the State of Missouri having a principal place of business at 11901 Summit Street, Kansas City, Missouri 64145.  Erisonic possess all rights, title and interest in its copyrights, including the right to sue for infringement.

5.      Upon information and belief, Defendant Hong Qiangxing (Shenzhen) Electronics Limited is a corporation organized and existing under the laws of China with its principal place of business located at 4F, Jingcheng Building, Xicheng Industrial Zone, Xixiang Road, Bao'an District, Shenzhen City, Guangdong Province, China.

6.      Upon information and belief, Defendant Shenzhen Geniuschip Electronic Co., Ltd is a corporation organized and existing under the laws of China with its principal place of business located at 4F, Jingcheng Building, Xicheng Industrial Zone, Xixiang Road, Bao'an District, Shenzhen City, Guangdong Province, China.

7.      Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338.  This Court also has jurisdiction over Defendants because they have purposefully introduced their products into interstate commerce and their infringing products have been sold in this State and this district.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), as on information and belief, Defendants have committed, and are continuing to commit, acts of

copyright infringement, patent infringement, trademark infringement, counterfeiting and unfair competition in this judicial district.

9.     Nationwide injunctive relief is authorized by 17 U.S.C. § 502(a).

## GENERAL ALLEGATIONS

10.     Healthmate is the owner of federal trademark Registration Nos. 4,035,888 and 4,125,384, for electronic massage apparatus.  Exhibits A and B.

**HealthmateForever**



Registration No. 4,035,888              Registration No. 4,125,384

11.     On October 9, 2013 the U. S. Copyright Office issued certificate of registration Reg. No. VA 1-878-383 titled "Twelve-Mode Stimulator" to Healthmate for the work shown on the right.  The registration certificate is attached as Exhibit C.

12.     On October 9, 2013 the U. S. Copyright Office issued certificate of registration Reg. No. VAu 1-145-453 titled "Twelve-Mode Stimulator" to Healthmate for the work shown on the right.  The registration certificate is attached as Exhibit D.

13.     On October 9, 2013 the U. S. Copyright Office issued certificate of registration Reg. No. VAu 1-145-455 titled "Ten Mode Stimulator," to Healthmate for the work shown on the right.  The registration certificate is attached as Exhibit E.

14.     On December 23, 2014 the U. S. Copyright Office issued certificate of registration Reg. No. VA 1-942-451 titled "TENS screens," to Erisonic for the works shown below. The registration certificate is attached as Exhibit F.

15.     The Copyrighted Designs depict graphical displays for various transcutaneous electrical nerve simulation devices, also commonly referred to as TENS massagers.

16.     Healthmate markets its products and products on behalf of Erisonic on Amazon® and through its website, www.healthmateforever.com.

17.     Defendants manufacture and sell electronic stimulator devices, TENS massagers, and other related products in the United States.

18.     On information and belief, Defendants manufacture, advertise and sell counterfeit Healthmate devices in the United States.

19.     On information and belief, Defendants falsely advertise that their devices are the same as Healthmate's devices.

20.     On information and belief, Defendants falsely advertise that they are the sole supplier of Healthmate devices.

21.     On information and belief, Defendants provide counterfeit Healthmate operation manuals with their counterfeit devices.

22.     Defendants have copied and are using Plaintiffs' copyrighted screen designs on Defendants' TENS massagers.

23.     Defendants are unlawfully reproducing and distributing copies of Plaintiffs' copyrighted designs by, on information and belief, manufacturing and selling devices that include the copyrighted designs in the United States.

24.     Defendants are unlawfully publicly displaying Plaintiffs' copyrighted designs on their website, www.sunmas.hk.  An example of an infringing display from Defendants' website is attached as Exhibit G.

25.     On information and belief, Defendants have also prepared derivative works based on Plaintiffs' copyrighted designs.

26.     Defendants are also infringing U. S. Design Patent No. D717,458 ("the '458 patent"), which issued to Healthmate on November 11, 2014.  A true and correct copy of the '458 patent is attached as Exhibit H.

27.     Healthmate possesses all rights, title and interest in the '458 patent including the right to sue for infringement.

28.     Healthmate has owned the '458 patent throughout the period of Defendants' infringement.

29.     The '458 patent is valid and enforceable.

## COUNT I – COPYRIGHT INFRINGEMENT REG. NO. VA 1-878-383

30.     Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

31.     Healthmate is the sole owner of all right, title and interest in and to the VA 1-878-383 copyrighted design ("Twelve-Mode Stimulator").

32.     Defendants are not authorized to reproduce, advertise, distribute, sell, exhibit or otherwise use the Twelve-Mode Stimulator copyrighted design.

33.     On information and belief, Defendants have copied and prepared derivative works based upon Healthmate's Twelve-Mode Stimulator copyrighted design, and have used the Twelve-Mode Stimulator copyrighted design and/or derivative works in its products.

34.     On information and belief, Defendants have sold, offered for sale and/or distributed copies, in the United States, of the Twelve-Mode Stimulator copyrighted design as well as derivative works based upon the Twelve-Mode Stimulator copyrighted design.

35.     Defendants' conduct has infringed on Healthmate's rights in the Twelve-Mode Stimulator copyrighted design.

36.     Defendants' acts are willful, intentional and wanton acts of infringement.

37.     Unless enjoined by order of this Court, Defendants will continue to infringe the Twelve-Mode Stimulator copyrighted design irreparably harming Healthmate. Healthmate is without an adequate remedy at law. Healthmate is entitled to injunctive relief restraining Defendants from engaging in further acts of copyright infringement.

38.     By reason of Defendants' aforesaid infringement of the Twelve-Mode Stimulator copyrighted design, Healthmate has sustained and will continue to sustain substantial damages.

39.     Healthmate is further entitled to recover from Defendants the damages sustained by Healthmate as a result of Defendants' acts of copyright infringement as herein alleged. Healthmate is unable to ascertain at present the full extent of the monetary damages suffered by reason of Defendants aforesaid acts of copyright infringement.

40.     Healthmate is further entitled to recover from Defendants the profits Defendants have obtained as a result of its acts of copyright infringement.

41.     Healthmate is, alternatively, entitled to recover from Defendants statutory damages in an amount up to $150,000 per work that has been infringed.

## COUNT II – COPYRIGHT INFRINGEMENT REG. NO. VAu 1-145-453

42.     Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

43.     Healthmate is the sole owner of all right, title and interest in and to the VAu 1-145-453 copyrighted design ("Twelve-Mode Narrow Stimulator").

44.     Defendants are not authorized to reproduce, advertise, distribute, sell, exhibit or otherwise use the Twelve-Mode Narrow Stimulator copyrighted design.

45.     On information and belief, Defendants have copied and prepared derivative works based upon Healthmate's Twelve-Mode Narrow Stimulator copyrighted design, and has used the Twelve-Mode Narrow Stimulator copyrighted design and/or derivative works in its products.

46.     On information and belief, Defendants have sold, offered for sale and/or distributed copies, in the United States, of the Twelve-Mode Narrow Stimulator copyrighted design as well as derivative works based upon the Twelve-Mode Narrow Stimulator copyrighted design.

47.     Defendants' conduct has infringed on Healthmate's rights in the Twelve-Mode Narrow Stimulator copyrighted design.

48.     Defendants' acts are willful, intentional and wanton acts of infringement.

49.     Unless enjoined by order of this Court, Defendants will continue to infringe the Twelve-Mode Narrow Stimulator copyrighted design irreparably harming Healthmate. Healthmate is without an adequate remedy at law.  Healthmate is entitled to injunctive relief restraining Defendants from engaging in further acts of copyright infringement.

50.     By reason of Defendants' aforesaid infringement of the Twelve-Mode Narrow Stimulator copyrighted design, Healthmate has sustained and will continue to sustain substantial damages.

51.     Healthmate is further entitled to recover from Defendants the damages sustained by Healthmate as a result of Defendants' acts of copyright infringement as herein alleged. Healthmate is unable to ascertain at present the full extent of the monetary damages suffered by reason of Defendants' aforesaid acts of copyright infringement.

52.     Healthmate is further entitled to recover from Defendants the profits Defendants have obtained as a result of its acts of copyright infringement.

53.     Healthmate is, alternatively, entitled to recover from Defendants statutory damages in an amount up to $150,000 per work that has been infringed.

## COUNT III – COPYRIGHT INFRINGEMENT REG. NO. VAu 1-145-455

54.     Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

55.     Healthmate is the sole owner of all right, title and interest in and to the VAu1-145-455 copyrighted design ("Ten-Mode Stimulator").

56.     Defendants are not authorized to reproduce, advertise, distribute, sell, exhibit or otherwise use the Ten-Mode Stimulator copyrighted design.

57.     On information and belief, Defendants have copied and prepared derivative works based upon Healthmate's Ten-Mode Stimulator copyrighted design, and has used the Ten-Mode Stimulator copyrighted design and/or derivative works in its products.

58.     On information and belief, Defendants have sold, offered for sale and/or distributed copies, in the United States, of the Ten-Mode Stimulator copyrighted design as well as derivative works based upon the Ten-Mode Stimulator copyrighted design.

59.     Defendants' conduct has infringed on Healthmate's rights in the Ten-Mode Stimulator copyrighted design.

60. Defendants' acts are willful, intentional and wanton acts of infringement.

61. Unless enjoined by order of this Court, Defendants will continue to infringe the Ten-Mode Stimulator copyrighted design irreparably harming Healthmate. Healthmate is without an adequate remedy at law. Healthmate is entitled to injunctive relief restraining Defendants from engaging in further acts of copyright infringement.

62. By reason of Defendants' aforesaid infringement of the Ten-Mode Stimulator copyrighted design, Healthmate has sustained and will continue to sustain substantial damages.

63. Healthmate is further entitled to recover from Defendants the damages sustained by Healthmate as a result of Defendants' acts of copyright infringement as herein alleged. Healthmate is unable to ascertain at present the full extent of the monetary damages suffered by reason of Defendants' aforesaid acts of copyright infringement.

64. Healthmate is further entitled to recover from Defendants the profits Defendants have obtained as a result of its acts of copyright infringement.

65. Healthmate is, alternatively, entitled to recover from Defendants statutory damages in an amount up to $150,000 per work that has been infringed.

## COUNT IV – COPYRIGHT INFRINGEMENT REG. NO. VA 1-942-451

66. Erisonic repeats and incorporates the allegations contained in the preceding paragraphs.

67. Erisonic is the sole owner of all right, title and interest in and to the VA 1-942-451 copyrighted design ("TENS screens").

68. Defendants are not authorized to reproduce, advertise, distribute, sell, exhibit or otherwise use the TENS screens copyrighted designs.

69.     On information and belief, Defendants have copied and prepared derivative works based upon Erisonic's TENS screens copyrighted designs, and has used the TENS screens copyrighted designs and/or derivative works in its products.

70.     On information and belief, Defendants have sold, offered for sale and/or distributed copies, in the United States, of the TENS screens copyrighted designs as well as derivative works based upon the TENS screens copyrighted designs.

71.     Defendants' conduct has infringed on Erisonic's rights in the TENS screens copyrighted designs.

72.     Defendants' acts are willful, intentional and wanton acts of infringement.

73.     Unless enjoined by order of this Court, Defendants will continue to infringe the TENS screens copyrighted designs irreparably harming Erisonic. Erisonic is without an adequate remedy at law. Erisonic is entitled to injunctive relief restraining Defendants from engaging in further acts of copyright infringement.

74.     By reason of Defendants' aforesaid infringement of the TENS screens copyrighted designs, Erisonic has sustained and will continue to sustain substantial damages.

75.     Erisonic is further entitled to recover from Defendants the damages sustained by Erisonic as a result of Defendants' acts of copyright infringement as herein alleged. Erisonic is unable to ascertain at present the full extent of the monetary damages suffered by reason of Defendants' aforesaid acts of copyright infringement.

76.     Erisonic is further entitled to recover from Defendants the profits Defendants have obtained as a result of its acts of copyright infringement.

77.     Erisonic is, alternatively, entitled to recover from Defendants statutory damages in an amount up to $150,000 per work that has been infringed.

## COUNT V – TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

78.     Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

79.     Defendants' distribution, marketing, promotion, offering for sale, and sale of counterfeit goods and operation manuals that bear the Healthmate Trademarks in the United States is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of Defendants' goods.  As a result of Defendants' unauthorized use of trademarks that are identical to Healthmate's federally registered marks, the public is likely to believe that Defendants' goods have been manufactured, approved by, or are affiliated with Healthmate.

80.     Defendants' infringement of Healthmate's Trademarks is willful, intended to reap the benefit of the goodwill of Healthmate, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

81.     As a result of Defendants' wrongful conduct, Healthmate has suffered, and will continue to suffer, substantial damages.  Under 15 U.S.C. § 1117(a) Healthmate is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.

82.     In addition, because Defendants' infringement of Healthmate's Trademarks was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).  In the alternative, Healthmate is entitled to statutory damages for each counterfeit mark, under 15 U.S.C. § 1117(c).

83.     Healthmate is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).  Healthmate has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Healthmate's Trademarks are unique and valuable property which have no

readily determinable market value, (b) Defendants' infringement constitutes harm to Healthmate such that Healthmate could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Healthmate, is continuing.

84.     Healthmate is also entitled to an order compelling the impounding of all infringing materials being used, offered, marketed, or distributed by Defendants, and to trebled damages, because Defendants' violations consist of the use of counterfeit trademarks pursuant to 15 U.S.C. § 1116(d).

85.     Healthmate is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

### COUNT VI – UNFAIR COMPETITION (15 U.S.C. § 1125(a))

86.     Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

87.     Defendants' distribution, marketing, promotion, offering for sale, and sale of goods and operation manuals bearing the Healthmate Trademarks in the United States constitute false designations of origin and false descriptions or representations that Defendants products originate from or are authorized by Healthmate, when in fact they are not.

88.     As a result of Defendants' unauthorized use of the Healthmate Trademarks the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' products.

89.     Defendants' conduct is willful, intended to reap the benefit of Healthmate's goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

90. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

91. As a result of Defendants' wrongful conduct, Healthmate has suffered and will continue to suffer damages.

92. Healthmate is entitled to injunctive relief and to an order compelling the impounding of all imitation trademarks being used, offered, advertised, marketed, installed, or distributed by Defendants.

93. Healthmate has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Healthmate's Trademarks are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Healthmate such that Healthmate could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Healthmate, is continuing.

## COUNT VII – COMMON LAW TRADEMARK INFRINGEMENT

94. Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

95. Healthmate has common law rights in the Healthmate Trademarks based on its continuous use of the Healthmate Trademarks in the Western District of Missouri in connection with electronic massage devices.

96. Defendants' unauthorized use of Healthmate's Trademarks to promote, advertise, market, and/or sell their counterfeit goods is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Defendants' goods, or as to a connection or

affiliation with Healthmate, or permission from Healthmate, that does not exist, causing irreparable harm to Healthmate for which there is no adequate remedy at law. Defendants' conduct thus constitutes common law trademark infringement.

97.  Despite their actual and constructive knowledge of Healthmate's ownership and prior use of the Healthmate Trademarks, Defendants have continued to use the Healthmate Trademarks without Healthmate's authorization or consent. Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Healthmate in its Healthmate Trademarks.

98.  Healthmate has sustained injury, damage, and loss based on Defendants' actions.

## COUNT VIII – COMMON LAW UNFAIR COMPETITION

99.  Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

100.  Defendants' distribution, marketing, promotion, offering for sale, and sale of goods bearing the Healthmate Trademarks constitute false designations of origin and false descriptions or representations that Defendants' products originate from, or are offered, sponsored, authorized, licensed by, or otherwise somehow connected with Healthmate, when in fact they are not. As a result of Defendants' conduct, the public is likely to believe that Defendants' goods or services have originated from and/or have been approved by Healthmate.

101.  Defendants' unauthorized use of the Healthmate Trademarks falsely represents that Defendants' goods emanate from or are authorized by Healthmate and places beyond Healthmate's control the quality of such products, and the message that is associated with such products.

102.     Defendants' conduct is willful, intended to reap the benefit of the goodwill associated with the Healthmate Trademarks, has caused and continues to cause damage and injury to Healthmate, and constitutes common law unfair competition.

## COUNT IX – PATENT INFRINGEMENT

103.     Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

104.     Defendants have committed and are continuing to commit direct acts of infringement of the '458 patent under 35 U.S.C. § 271(a) by selling and/or offering to sell its TENS Low Frequency Massager model number SM9062 (the "SM9062 Massager") in the United States. Exhibit I.

105.     An ordinary observer would believe that the design of the SM9062 Massager is substantially the same as the design in the '458 patent.

106.     Healthmate will continue to be damaged unless further infringement is enjoined.

107.     Healthmate is entitled under 35 U.S.C. § 284 to an award of damages adequate to compensate it for Defendants' infringement of the '458 patent. Healthmate is entitled to no less than a reasonable royalty for the infringement together with interest and costs. Alternatively, at its option, Healthmate is entitled to an award of damages under 35 U.S.C. § 289 that are no less than Defendants' total profits attributable to sales associated with the infringing products.

108.     Upon information and belief, Defendants' past and continuing infringement of the '458 patent has been and continues to be deliberate and willful.

109.     Defendants' conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

110.     This is an exceptional case that entitles Healthmate to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

## RELIEF REQUESTED

WHEREFORE, Healthmate and Erisonic pray for judgment against Defendants as follows:

A.     For a preliminary and permanent injunction enjoining Defendants and any associated officers, agents, servants, employees, attorneys, and all persons in active concert or participation with each or any of them, from committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies or derivatives of Healthmate's and Erisonic's copyrighted works;

B.     For all damages to which Healthmate and Erisonic are entitled, including Defendants' profits and Healthmate's lost profits;

C.     Alternatively, at Healthmate's and Erisonic's election, for statutory damages in the maximum amount allowed by law;

D.     That a preliminary and permanent injunction be issued enjoining Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

(1)     using the Healthmate Trademarks, or any other trademarks that are confusingly similar to the Healthmate Trademarks, for retail products, or

making any other unlawful use of the Healthmate Trademarks or any other trademarks owned by Healthmate;

(2)    using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, imported, distributed, offered for sale, or sold by Defendants is in any manner associated or connected with Healthmate, or is licensed, sponsored, approved, or authorized by Healthmate;

(3)    engaging in any other activity constituting unfair competition with Healthmate, or constituting infringement of the Healthmate Trademarks;

(4)    taking any action, including the unauthorized use of the Healthmate Trademarks, that dilutes the unique association between the Healthmate Trademarks and Healthmate, or that tarnishes the reputation or image of Healthmate;

(5)    disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to any retail services offered in connection with the Healthmate Trademarks, or any mark or designation that is confusingly similar to any of the Healthmate Trademarks;

(6)    instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

(7)     selling and/or offering for sale any products that infringe the '458 patent in the United States, either directly or indirectly;

E.     That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) impounding all counterfeit and infringing merchandise and materials bearing any of Healthmate's trademarks, including the Healthmate Trademarks.

F.     Awarding Plaintiffs their actual damages, trebled pursuant to 15 U.S.C. § 1117(a) and (b), arising out of Defendants' acts of willful trademark infringement.

G.     Awarding Plaintiffs their actual damages, trebled pursuant to 15 U.S.C. § 1116(d), arising out of Defendants' use of counterfeit trademarks.

H.     Awarding Plaintiffs their actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' acts of willful unfair competition.

I.     Awarding Plaintiffs their costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and (b).

J.     Awarding Plaintiffs exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

K.     Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods offered, advertised, or promoted by or on behalf of Defendants are authorized by Healthmate or related in any way to Healthmate's products or services.

L.     Directing that Defendants file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

M.     A judgment that Defendants have infringed the '458 patent.

N. A judgment and order requiring Defendants to pay damages to Healthmate adequate to compensate it for Defendants' infringing acts in accordance with 35 U.S.C. § 284 or, at Healthmate's option, 35 U.S.C. § 289;

O. A judgment and order requiring Defendants to pay treble damages in view of their willful and deliberate infringement of the '458 patent;

P. A finding in favor of Healthmate that this is an exceptional case under 35 U.S.C. § 285 and award to Healthmate its costs, including reasonable attorneys' fees and other expenses incurred in connection with this action;

Q. That Defendants be held jointly and severally liable on all counts;

R. Awarding to Plaintiffs interest, including pre-judgment and post-judgment interest, on the foregoing sums.

S. For Plaintiffs' attorneys' fees, and full costs and disbursements in this action; and

T. Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable in this matter.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Kansas City, Missouri for place of trial.


Dated:  October 28, 2015                         Respectfully submitted,

                                                 */s/ James J. Kernell*
                                                 James J. Kernell, MO Bar No. 48850
                                                 Kyle D. Donnelly, MO Bar No. 65882
                                                 ERICKSON KERNELL DERUSSEAU
                                                 & KLEYPAS, LLC
                                                 8900 State Line Road, Suite 500
                                                 Leawood, Kansas 66206
                                                 Telephone: 913-549-4700
                                                 Facsimile: 913-549-4646
                                                 Email:  jjk@kcpatentlaw.com
                                                         kdd@kcpatentlaw.com

                                                 *Attorneys for Plaintiffs*
                                                 *Healthmate International, LLC*
                                                 *and Erisonic Innovation Technology, LLC*