UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

HEALTHMATE INTERNATIONAL, LLC )
and ERISONIC INNOVATION )
TECHNOLOGY, LLC, )
                                       Plaintiffs, )
)
   v. ) Case No. 4:15-cv-00840
)
HONG QIANGXING ELECTRONICS )
LIMITED and SHENZHEN GENUIS )
CHIP ELECTRONIC CO., LTD. )
)
                                 Defendants. )

MEMORANDUM OF POINTS AND
AUTHORITIES IN
OPPOSITION TO MOTION
FOR ENTRY OF DEFAULT

Defendants Hong Qiangxing Electronics Limited and Shenzhen Genius Chip Electronic Co., Ltd. ("Defendants") respectfully submit this Memorandum of Points and Authorities in Opposition to Plaintiffs Healthmate International, LLC and Erisonic Innovation Technology, LLC ("Plaintiffs")'s Motion for Entry of Default (Doc. 6).

**I.    INTRODUCTION**

The Court should deny Plaintiffs' motion for entry of default pursuant to Fed. R. Civ. P. 55(c) because there is good cause for Defendants' delay in appearing in this action, Defendants have a meritorious defense, and Plaintiffs will not be prejudiced as a result of denying entry of clerk's default.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiffs initiated this action on or about October 28, 2015, by filing their Complaint ("Complaint"). In the Complaint, Plaintiffs allege that Defendants have infringed on their design patent, copyright, and trademarks. Plaintiffs also assert claims for unfair competition. Defendants were not served in the State of Missouri. Defendants were served in Atlanta, Georgia. *See* Declaration of Raymond Hsu ("Hsu Decl.") at ¶ 2.

In this case, the Clerk has not entered default yet. Here, we have a good faith, relatively brief delay in the filing of a responsive pleading, caused by Defendants' lack of knowledge of English, Defendants' lack of understanding of the laws of the United States and all the constraints related to answering a lawsuit in a foreign continent. *See* Hsu Decl. at ¶ 4.

Furthermore, Defendants have meritorious defenses to the allegations and claims of the Complaint. The Plaintiffs' Complaint alleges counts for patent infringement, trademark infringement, copyright infringement, and unfair competition. Defendants have meritorious defenses to these claims and allegations. Firstly, Defendants' Chinese Design Patent, embodies the accused device and predates Patent '458's filing and is a qualified analogous prior art. A true and correct copy of Defendants' Chinese Design Patent is attached as "Exhibit A" to the Declaration of Alexander Chen in Support of the Opposition ("Declaration of Chen"). As for the trademark infringement counts, after a thorough and diligent internal investigation, Defendants are willing to declare, under penalty of perjury, that they have not sold any counterfeits or distributed any operational manual bearing liked trademarks of '888 and '384. *See* Hsu Decl. at ¶ 7.

Finally, regarding the copyright infringement counts, Defendants can show that Plaintiffs' copyrights are not original. Plaintiffs assert copyright infringement based on the similarities between the Transcutaneous Electrical Nerve Stimulation ("TENS") screen on Plaintiffs' device and the accused device. However, these TENS screen designs are not original. Specifically,

various other well-known manufacturers such as Hi Dow (hiwdow.com) and IQ Massager (iqmassager.com) have long since populated the field with exact identical TENS screens, and attached to the Declaration of Chen are exhibits that clearly illustrate that the TENS Screen sought under copyright registration in this pleading have all been public domain or originated by others years before the claimed completion date of Plaintiffs. Specifically, Exhibit B attached to the Declaration of Chen shows a screen shot of Hi Dow's machines AcuXP-D and AcuXP-Micro bearing the identical screen shots and information available in the public indicating that such models have been in circulation in the public since 2012. Exhibit C attached to the Declaration of Chen is a screen capture of a video of TENS screen of IQ massager, which shows that the TENS screen is identical to that of Exhibit D (Plaintiffs' IP deposits) and the Youtube video was posted to the public domain in as early as 2012. *See* Declaration of Chen ("Chen Decl.") at ¶ 7.

Additionally, in this case, once Defendants retained attorneys in the United States, Defendants' counsel immediately reached out to attorneys for Plaintiffs to request a stipulation to set aside Plaintiffs' Motion for Entry of Default. *See* Chen Decl. at ¶ 3. Initially, Plaintiffs' counsel represented that a stipulation to set aside the default should not be a problem. *Id.* ¶ 4. However, in a later email, Plaintiffs' counsel indicated that Plaintiffs are not willing to stipulate to a set-aside of their motion for entry of default. *Id.* Subsequently, the parties entered a Stipulated Motion for Extension of Time to Respond to Motion for Entry of Default, which is on file with the Court. *Id.* ¶ 5.

For the reasons argued below, Defendants respectfully request that the Court deny Plaintiffs' Motion for Entry of Default.

### III. ARGUMENT

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). When examining whether good cause exists, the district court should weigh "whether the conduct of the defaulting party was

blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir.1998). Courts may require that a movant prove each factor to avoid denial of its motion. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, "[m]ost decisions . . . hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order." *Connecticut Nat'l Mortgage Co. v. Brandstatter,* 897 F.2d 883, 885 (7th Cir.1990); *accord Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 193–94 (6th Cir.1986); *Meehan v. Snow,* 652 F.2d 274, 276–77 (2d Cir.1981).

This is a sound distinction. There is a "judicial preference for adjudication on the merits," *Oberstar v. F.D.I.C.,* 987 F.2d 494, 504 (8th Cir.1993), and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783-84 (8th Cir. 1998). In this case, Defendants are entitled to the more lenient "good cause" standard in considering whether the Clerk should enter default against Defendants.

The Court should deny Plaintiffs' Motion for Clerk's Entry of Default, because Defendants are not culpable and have a meritorious defense, and Plaintiffs will not be prejudiced by a denial of their motion.

**A. Defendants Were Not Blameworthy or Culpable.**

Eighth Circuit precedents focus heavily on the blameworthiness of the defaulting party. The Eighth Circuit has consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a "marginal failure" to meet pleading or other deadlines. The Eighth Circuit has rarely, if ever, excused the former. *Johnson v. Dayton*

*Elec. Mfg. Co.*, 140 F.3d 781, 784-85 (8th Cir. 1998); *See also, Hall v. T.J. Cinnamon's, Inc.,* 121 F.3d 434 (8th Cir.1997); *Inman v. American Home Furniture Placement, Inc.,* 120 F.3d 117 (8th Cir.1997); *McMillian/McMillian, Inc. v. Monticello Ins. Co.,* 116 F.3d 319 (8th Cir.1997); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852 (8th Cir.1996). But the Eighth Circuit has often granted Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice. *See In re Jones Truck Lines,* 63 F.3d at 687–88 (thirty-two day delay caused by a mistake; default judgment reversed); *United States v. Harre,* 983 F.2d 128, 130 (8th Cir.1993) (marginal failure to meet a deadline; default judgment reversed); *Hoover,* 823 F.2d at 230; *Swink v. City of Pagedale,* 810 F.2d 791 (8th Cir.), *cert. denied,* 483 U.S. 1025 (1987).

In this case, default has not yet occurred. Here, we have a good faith, relatively brief delay in the filing of a responsive pleading, caused by Defendants' lack of knowledge of English and Defendants' constraints in answering a lawsuit from a foreign country. *See* Hsu Decl. ¶ 4. This conduct is not contumacious because it does not exhibit an intentional flouting or disregard of the court and its procedures, and it has only briefly delayed the litigation. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784-85 (8th Cir. 1998). Therefore, if anything at all, Defendants may be guilty of only a marginal failure for which relief from default should be granted if Defendants have a meritorious defense and Plaintiffs will not suffer significant prejudice. *Id*.

### B. <u>Defendants Have Meritorious Defenses.</u>

In this case, Defendants have meritorious defenses to the allegations of the Complaint. The Plaintiffs' Complaint alleges counts for patent infringement, trademark infringement, copyright infringement, and unfair competition. Defendants have meritorious defenses to these claims and allegations.

Firstly, Defendants' Chinese Design Patent embodies the accused device and predates Patent '458's filing and is a qualified analogous prior art. A true and correct copy of Defendants'

Chinese Design Patent is attached as "Exhibit A" to the Declaration of Chen.

Furthermore, as for the trademark infringement counts, after a thorough and diligent internal investigation, Defendants are willing to declare, under penalty of perjury, that they have not sold any counterfeits or distributed any operational manual bearing liked trademarks of '888 and '384. *See* Hsu Decl. at ¶ 7.

Regarding the copyright infringement counts, Defendants can show that Plaintiffs' copyrights are not original. Plaintiffs assert copyright infringement based on the similarities between the Transcutaneous Electrical Nerve Stimulation ("TENS") screen on Plaintiffs' device and the accused device. However, these TENS screen designs are not original. Specifically, various other well-known manufacturers such as Hi Dow (hiwdow.com) and IQ Massager (iqmassager.com) have long since populated the field with exact identical TENS screens, and attached to the Declaration of Chen are exhibits that clearly illustrate that the TENS Screen sought under copyright registration in this pleading have all been public domain or originated by others years before the claimed completion date of Plaintiffs. Specifically, Exhibit B attached to Declaration of Chen is a screen shot of Hi Dow's machines AcuXP-D and AcuXP-Micro bearing the identical screen shots and information available in the public indicating that such models have been in circulation in the public since 2012. Exhibit C attached to the Declaration of Chen is a screen capture of a video of TENS screen of IQ massager, which shows that the TENS screen is identical to that of Exhibit D to the Declaration of Chen (Plaintiffs' Intellectual Property Deposits) and the Youtube video was posted to the public domain in as early as 2012. *See* Chen Decl. at ¶ 7.

Furthermore, because Defendants have meritorious defenses against Plaintiffs' intellectual property counts, Defendants will also have a defense against the unfair competition counts, as Plaintiffs' unfair competition claims rest on their intellectual property claims.

### C. **Plaintiffs Would Not Be Prejudiced if Their Motion for Entry of Default is Denied.**

As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998); *See also, Swink v. City of Pagedale,* 810 F.2d at 792 n. 2 (8th Cir.), *cert. denied,* 483 U.S. 1025 (1987). Setting aside a default must prejudice plaintiff in a more concrete way, such as "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane,* 907 F.2d 617, 621 (6th Cir.1990).

In this case, Plaintiffs will not be prejudiced by a denial of their motion for entry of default because the Defendants' brief delay in the filing of a responsive pleading has not resulted, and will not result, in loss of evidence, increased difficulties in discovery, or greater opportunities for fraud or collusion. As shown by the declarations filed in support hereof, once retained, Defendants' counsel immediately reached out to attorneys for Plaintiffs to request a stipulation to set aside Plaintiffs' Motion for Entry of Default. *See* Chen Decl. at ¶ 3. Initially, Plaintiffs' counsel represented that a stipulation to set aside the default should not be a problem. *Id.* ¶ 4. However, in a later email, Plaintiffs' counsel indicated that Plaintiffs are not willing to stipulate to a set-aside of their motion for entry of default. *Id.* Subsequently, the parties entered a Stipulated Motion for Extension of Time to Respond to Motion for Entry of Default, which is on file with the Court. *Id.* ¶ 5. As such, the brief delay in Defendants' filing of a responsive pleading will not prejudice the Plaintiffs because denying Plaintiffs' motion for entry of default will not prejudice Plaintiffs in more concrete way than from delay alone or from the fact that the Defendants will be permitted to defend on the merits, such as "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen,* 907 F.2d 617, 621.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion for Entry of Default in its entirety and allow the Defendants to respond to the Complaint. Although Rule 55(c) issues are committed to the district court's discretion, "when the grant of a default judgment precludes consideration of the merits of a case, even a slight abuse of discretion may justify reversal." *Shepard Claims,* 796 F.2d at 193, quoting *Williams v. New Orleans Pub. Serv., Inc.,* 728 F.2d 730, 733–34 (5th Cir.1984). Because Defendants' delay in filing a responsive pleading was not culpable, Defendants have a meritorious defense to the claims asserted in the Complaint, and denial of Plaintiffs' motion for entry of default does not prejudice the Plaintiffs, this Court should deny Plaintiffs' Motion for Entry of Default.

Respectfully submitted,
THE FLYNN LAW FIRM, P.C.

By:     /s/ Robert F. Flynn
Robert F. Flynn, #60453
1150 Grand Blvd., Ste. 300
Kansas City, MO  64106-2302
(816) 283-3400 / (816) 283-3405 Fax
Robert@TheFlynnLawFirm.com
*Attorneys for Defendants*
*Qiangxing Electronics Limited & Shenzhen*
*Genius Chip Electronic Co., Ltd.*

Certificate of Service

I here certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record receiving electronic notification and that I served the foregoing by first-class mail, postage prepaid, upon any counsel of record not receiving electronic notification.

By: s/ Robert F. Flynn