UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

HEALTHMATE INTERNATIONAL, LLC )
and ERISONIC INNOVATION )
TECHNOLOGY, LLC, )
                                            Plaintiffs, )
   v.                                         )    Case No. 4:15-cv-00840

HONG QIANGXING ELECTRONICS )
LIMITED and SHENZHEN GENUIS )
CHIP ELECTRONIC CO., LTD. )
                                            Defendants. )

DECLARATION OF ALEXANDER CHEN
IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAITNIFFS' MOTION
FOR ENTRY OF DEFAULT

I, Alexander Chen, do hereby declare as follows:

1. I am the attorney for Defendants Hong Qiangxing Electronics Limited and Shenzhen Genius Chip Electronic Co., Ltd. I am license to practice in the state of California and am admitted to practice in various District Courts of the United States.

2. On December 1, 2015 Defendants retained me and my law firm, InHouse Co., in order to investigate and prepare the necessary filings in this matter.

3. After being retained, I immediately reached out to attorneys for Plaintiffs, and requested a stipulation to set aside Plaintiffs Motion for Entry of Default on December 1, 2015.

4. Initially, Plaintiffs' counsel, Mr. Kyle Donnelly, expressed to me that a stipulation to set aside the motion for default should not be a problem. However, in a later email, Mr. Donnelly indicated that Plaintiffs are not willing to stipulate to a set-aside of their motion for entry of default.

5. The parties subsequently entered a Stipulated Motion for Extension of Time to Respond to Motion for Entry of Default, which is on file with the Court.

6. On December 10, 2015, attorney Robert Flynn, who is admitted to the United States District Court for the Western District of Missouri, was retained as local counsel for the Defendants and is expected to move this Court for my admission to appear pro hac vice in this case as counsel for the Defendants.

7. Defendants have a good and meritorious defense on the merits to the claim set up in Plaintiffs' complaint.

The facts to show the existence of such a defense are as follows:

a. Defendants' Chinese Design Patent, attached hereto as Exhibit A, embodies the accused device and predates Patent '458's filing and is a qualified analogous prior art.

b. After a thorough and diligent internal investigation, Defendants are willing to declare, under penalty of perjury, that they have not sold any counterfeits or distributed any operational manual bearing liked trademarks of '888 and '384.

c. Various other well-known manufactures such as Hi Dow (hiwdow.com) and IQ Massager (iqmassager.com) have long since populated the field with exact identical Transcutaneous Electrical Nerve Stimulation ("TENS") screens and attached to this Declaration, are exhibits that demonstrate that the TENS Screens sought under copyright registration in this pleading may have been in the public domain or originated by others years before the claimed completion date of plaintiffs. Specifically, Exhibit B, attached hereto, is a screen shot of Hi Dow"'s machine AcuXP-D and AcuXP-Micro bearing the identical screen shots and information available in the public indicating that such models have been in circulation in the public since 2012. Exhibit C, attached hereto, is a screen capture of a video of TENS screen of IQ massager, which shows that the TENS screen is identical to that of Exhibit D

(Plaintiffs' IP deposits) and the Youtube video was posted to the public domain in as early as 2012.

8. The parties have engaged in settlement discussions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 27th day of December 2015.

Respectfully submitted,

By: _____

Alexander Chen, Esq.
InHouse Co.
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618
Tel: (949) 250-1555
Fax: (714) 882-7770
Email: alexc@inhouseco.com

Attorneys for Defendants
Qiangxing Electronics Limited and Shenzhen Genius Chip Electronic Co., Ltd.

Certificate of Service

I here certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record receiving electronic notification and that I served the foregoing by first-class mail, postage prepaid, upon any counsel of record not receiving electronic notification.

By: s/ Robert F. Flynn